UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL REESE,** | ) | **CASE NO. 1:13CV0526** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **CLEVELAND BAKERS AND** | ) | |
| **TEAMSTERS PENSION FUND,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion for Judgment on the Administrative Record by Cleveland Bakers and Teamsters Pension Fund ("Defendant" or "Fund"). (ECF DKT #8). Michael Reese ("Plaintiff") contends that Defendant improperly withheld pension benefits as a result of Plaintiff's alleged violation of a Fund policy. The Court grants Defendant's Motion as reasoned below.

**I. FACTUAL BACKGROUND**

1

Throughout the 1970s and 1980s, Plaintiff worked in the steel industry and contributed to the Fund through union payments.  (Cmplt. ¶ 8).  In 1989, Plaintiff retired from his union job and co-founded Erie Metals, Inc. ("Erie Metals") a year later.  (Cmplt. ¶¶ 7, 9).  Erie Metals is in the metal business in Northeast Ohio.  (Cmplt. ¶ 17).

On May 16, 2011, Plaintiff filed an application seeking to receive retirement benefits that accrued under the Fund.  (Tr. 1-3).  On his application, Plaintiff indicated that he was currently employed as President of Erie Metals.  (Tr. 50).  The Review Committee determined that Plaintiff was eligible for some benefits, but he had violated the "prohibited re-employment" terms of the Fund by working for Erie Metals.  (Tr. 88).  Under the "prohibited re-employment" provision, the Fund may withhold pension benefits if Plaintiff is involved in:

> (2)  Employment or self-employment in any job classification covered under either (a) a participation agreement, or (b) a Collective Bargaining Agreement between a Union and a Contributing Employer or Employer, *with any employer who is a direct competitor of any Contributing Employer or Employer*, including employment at such place or places of business in a managerial or supervisory position;

(Tr. 167-168) (emphasis added).  The Review Committee concluded that Plaintiff's employment as President of Erie Metals was a managerial or supervisory position and that Erie Metals directly competed with Contributing Employers.[1]  (Tr. 88-91).

Plaintiff appealed the decision to the Board of Trustees of the Cleveland Bakers and Teamsters Pension Fund ("Board").  (Tr. 101).  The Board, basing its decision on the Administrative Record, concluded that Plaintiff occupied a managerial or supervisory position at Erie Metals which directly competed with Associated Steel Corporation ("ASC") and Clifton

---

[1] The Fund defines a Contributing Employer as "any [employer] which has agreed . . . to make contributions to the Pension Fund[.]" (Tr. 108).

2

Steel Company ("Clifton"), which the Board identified as Contributing Employers. (Tr. 101). Plaintiff subsequently filed a Complaint asking the Court to enter judgment against Defendant and to award Plaintiff the disputed unpaid pension benefits. (ECF DKT #1). Defendant then moved for Judgment on the Administrative Record and Plaintiff timely replied. (ECF DKT #8,10).

### III.  STANDARD OF REVIEW

A district court reviews an ERISA plan administrator's denial of benefits *de novo*, unless the plan gives the administrator discretionary authority to grant or deny benefits. *Cox v. Standard Ins. Co.*, 585 F.3d 295, 299 (6th Cir. 2009). If the plan grants the administrator discretionary authority, a district court reviews the decision under the highly deferential arbitrary and capricious standard of review. *Id*.

In this case, both parties agree that the arbitrary and capricious standard of review applies. (ECF DKT #8, 10). Under this standard of review, a district court will uphold the administrator's decision "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Bennett v. Kemper Nat'l Servs., Inc.*, 514 F.3d 547, 552 (6th Cir. 2008). A district court must merely determine whether "there exists 'a reasoned explanation, based on the evidence, for a particular outcome.'" *Seiser v. UNUM Provident Corp.*, 135 F.App'x 794, 799 (6th Cir. 2005) citing *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000).

### IV.  ANALYSIS

The Board determined that Plaintiff's employer, Erie Metals, directly competed with Contributing Employers, violating the terms of the Fund. (Tr. 101). Plaintiff maintains that the

Administrative Record fails to establish that Erie Metals directly competes with ASC or Clifton. (ECF DKT #10). Further, Plaintiff claims that the Administrative Record lacks substantial evidence to support the conclusion that ASC and Clifton are, in fact, Contributing Employers for purposes of the "prohibited re-employment" provision. (ECF DKT #10).

For the following reasons, the Court grants Defendant's Motion because the Administrative Record contains substantial evidence to support the Board's decision.

**A. The Administrative Record contains substantial evidence to support the Board's decision that Erie Metals directly competes with Contributing Employers**.

In his brief, Plaintiff claims that the Administrative Record does not contain substantial evidence to support the Board's decision that Erie Metals directly competes with Contributing Employers. Plaintiff's assertion is misplaced.

The Administrative Record sufficiently indicates that Erie Metals directly competes with Contributing Employers, such as ASC and Clifton, in the metal business. Erie Metals produces metals, focusing on construction, automotive, heavy equipment, fluid power, fabricators and "many other industries." (Tr. 51). Similarly, the Administrative Record sufficiently demonstrates that ASC is a direct competitor of Erie Metals in this business. (Tr. 56). Also, Clifton manufacturers and distributes metal products, supporting the Board's determination that Erie Metals and Clifton are direct competitors as well. (Tr. 73). All three companies' website pages indicate they engage in the "alloy" business, which is a more specific industry within the metal business. (Tr. 51-87). Further, the website pages indicate the companies are all engaged in broader industries within the overall metal business. (Tr. 51-87). These website pages provide substantial evidence to show the three companies are direct competitors.

Plaintiff claims that although Erie Metals, ASC and Clifton are engaged in the metal

business, they occupy different areas of the industry. (ECF DKT #10, Cmplt. ¶ 17). However, the Court must only determine if a principled reasoning process, with substantial evidence, supports the Board's finding that Erie Metals directly competes with ASC or Clifton. *Bennett*, 514 F.3d at 552. The website pages, regardless of when they were printed, provide substantial evidence to support this finding. Similarly, they show that the Board underwent an investigatory process to determine the business practices of each company before making this decision. Lastly, the correspondences in the record, whether inter-party or intra-party, demonstrate the substantial level of inquiry the Board considered as well. (Tr. 50, 88, 95, 98, 101). In short, the Administrative Record provides substantial evidence to support the Board's finding that Erie Metals competes with ASC and Clifton.

**B. The Administrative Record contains substantial evidence to support the Board's decision that ASC and Clifton are Contributing Employers**.

Plaintiff alleges that the Administrative Record does not provide substantial evidence to support the Board's decision that ASC or Clifton are Contributing Employers. The Fund defines a Contributing Employer as "any [e]mployer which has agreed. . . to make contributions to the Pension Fund[.]" (Tr. 108). Under the "prohibited re-employment" provision, Erie Metals must directly compete with a Contributing Employer for the Board to withhold benefits from Plaintiff. The Board compared Erie Metals to ASC and Clifton to determine that Erie Metals directly competed with Contributing Employers. Plaintiff claims that the Board failed to establish that ASC and Clifton are Contributing Employers. In addition, Plaintiff claims that if ASC and Clifton are not Contributing Employers, then it was improper for the Board to withhold pension benefits from Plaintiff. Plaintiff's assertions are incorrect for the following reasons.

To begin, Plaintiff did not dispute whether ASC or Clifton are Contributing Employers

until he replied to Defendant's Motion for Judgment on the Administrative Record. (ECF DKT #1). In fact, at paragraph 17 of the Complaint, Plaintiff asserted that "the two Contributing Employers identified by the Pension Fund. . . with whom Erie [Metals] is alleged to be in direct competition are not competitors of Erie [Metals]." (Cmplt. ¶ 17). Plaintiff only asserted that Erie Metals did not directly compete with ASC or Clifton, not that they were not Contributing Employers. Therefore, Plaintiff conceded that ASC and Clifton are Contributing Employers.

Even assuming that Plaintiff did not concede that ASC and Clifton are Contributing Employers, there is still substantial evidence to support the Board's decision to withhold benefits. In *Wildeboer v. Sheet Metal Workers' Nat. Pension Fund*, the court found that the defendant's failure to specifically name a contributing employer did not require reversal. 2010 WL 821122, *6 (N.D. Ky. Mar. 5, 2010). The plaintiff in *Wildeboer* brought suit challenging the decision of the Board of Trustees to withhold pension benefits because the plaintiff was engaged in disqualifying employment. *Id.* at *1. The plaintiff alleged that the Board of Trustees never specified which contributing employer the plaintiff was directly competing against. *Id.* at *6. This argument did not persuade the court, however, and it upheld the Board of Trustees' decision.

Plaintiff is making a similar assertion as the *Wildeboer* court faced, and the Court similarly disagrees with Plaintiff. Plaintiff does not dispute that companies in the metal business are Contributing Employers, acknowledging that companies similar to ASC and Clifton do contribute to the fund. Accordingly, it does not matter whether ASC or Clifton are themselves Contributing Employers, so long as the comparison illustrates that Erie Metals directly competes with a Contributing Employer. The Administrative Record shows, via website captures, that

Erie Metals is in the metal business, similar to some Contributing Employers.  (Tr. 51-55). Therefore, there is substantial evidence to support the Board's decision that Erie Metals directly competes with Contributing Employers, regardless of who those Contributing Employers are.

Lastly, Plaintiff did not even attempt to show that ASC and Clifton are not Contributing Employers.  Instead, Plaintiff only questions why the Administrative Record does not specifically state as much.  (ECF DKT #10).  But even assuming Plaintiff is correct, the argument misses the point.  The proper question is not whether the companies the Board compared Erie Metals to are Contributing Employers, but rather whether Erie Metals directly competes with a Contributing Employer.  As shown previously, the Administrative Record provides substantial evidence to demonstrate as much.

## V.  CONCLUSION

In sum, the Court grants Defendant's Motion for Judgment on the Administrative Record because there is substantial evidence to support the Board's finding that Erie Metals directly competes with Contributing Employers.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
United States District Judge

Dated:  January 27, 2014